IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCINTIA COOK, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-4532 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                        May 27, 2022

Vincintia Cook ("Plaintiff") seeks review of the Commissioner's ("Defendant's")
decision denying her claims for supplemental security income ("SSI").  For the following
reasons, I will grant Defendant's uncontested motion for remand and remand this matter
for further proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff was born on June 24, 1987, and proactively filed an application for SSI
on March 17, 2015, alleging disability due to post-traumatic stress disorder ("PTSD"),
joint pain, allodynia,[1] migraine, tremor, fibromyalgia, arthritis, bone lesions, muscle
weakness, and numbness.  Tr. at 351.  After her claims were denied initially, id. at 112-
14, she requested a hearing before an administrative law judge ("ALJ"), id. at 148, 151,
which was held on February 7, 2018.  Id. at 66-97.  On August 20, 2018, the ALJ denied
Plaintiff's application, finding that Plaintiff was not disabled.  Id. at 115-29.  Plaintiff
filed a request for review of the ALJ's decision with the Appeals Council, id. at 216-17,

---

[1]Allodynia is pain resulting from a non-noxious stimulus to normal skin.
Dorland's Illustrated Medical Dictionary, 32nd ed. (2012) ("DIMD"), at 51.

which vacated the ALJ's decision and remanded for further consideration of the impact of Plaintiff's moderate limitation in the ability to interact with others and her medically determinable impairments of the lumbar spine and migraine headaches.  Id. at 134-38.

On remand, a different ALJ conducted a hearing on December 9, 2020, tr. at 35-65, and issued an unfavorable decision on January 13, 2021.  Id. at 12-26.  On February 4, 2021, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's January 13, 2021 decision the final decision of the Commissioner.  20 C.F.R. § 416.1472.

Plaintiff filed her complaint in this matter on October 15, 2021, see Doc. 1, and filed a brief in support of her request for review on January 27, 2022.  Doc. 8.  On February 25, 2022, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claims is warranted." Doc. 9 ¶2.[2]

## II.   **DISCUSSION**

Following a hearing on remand from the Appeals Council, the ALJ found that Plaintiff suffers from the severe impairments of fibromyalgia, disorders of the back, bilateral trochanteric pain syndrome, substance use disorder, PTSD, and depressive disorder.  Tr. at 15.  In his assessment of Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing light work as defined in 20 CFR § 416.967(b), except that Plaintiff can only occasionally climb ramps and stairs and never

---

[2]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently perform handling and fingering bilaterally; can perform simple, routine tasks and make simple work-related decisions; is limited to no more than occasional interaction with supervisors, co-workers, and the general public, but would be able to have frequent interaction during a 30-day training period; and is limited to low stress work. Id. at 19. Plaintiff contends that the ALJ (1) violated the Appeals Council's remand order and misapplied the de minimis severity standard when considering her migraine headaches, (2) failed to explain an inconsistency in his RFC determination, and (3) failed to account for Plaintiff's moderate limitation in her ability to concentrate, persist or maintain pace. Doc. 8 at 2-16.

With respect to Plaintiff's migraine headaches, the Appeals Council's Order remanding this matter to a new ALJ stated in relevant part:

> The record also reflects that [Plaintiff] first began having migraine headaches as a child, and has been prescribed a variety of medications for treatment of migraine headache pain including sumatriptan, topiramate, and propranolol.[3] Further consideration of [Plaintiff's] medically determinable impairments is necessary upon remand.

---

[3]Sumatriptan is used to treat migraine headaches. See https://www.drugs.com/cdi/sumatriptain-tablets.html (last visited May 24, 2022). Topiramate is a seizure medication used to treat certain types of seizures and to prevent migraine headaches. https://www.drugs.com/mtm/topiramate.html (last visited May 24, 2022). Propranolol is a beta-blocker used to treat heart conditions and to reduce the severity and frequency of migraine headaches. https://www.drugs.com/propranolol.html (last visited May 24, 2022).

Tr. at 135-36 (record citations omitted).  The regulations state that upon remand, the ALJ

"shall take any action that is ordered by the Appeals Court."  20 C.F.R. § 416.1477(b).

Here, on remand the ALJ noted Plaintiff's long history of migraines which were treated

with medications, that Plaintiff reported an increase in the frequency of the headaches in

2018, and that by July 2019 she took medication twice per day without relief.  Id. at 15-

16.  The ALJ then found the impairment to be non-severe, noting that clinical testing had

not revealed any major abnormalities associated with headaches, and that she had not

seen a specialist on a regular basis.  Id. at 16.  The severity finding is questionable given

Plaintiff's long history of migraine headaches and treatment, particularly given the de

minimis standard of the severity determination.  See McCrea v. Comm'r of Soc. Sec.,

370 F.3d 357, 360 (3d Cir. 2004) (impairment is severe when it has a minimal effect on

the individual's ability to work) (citations omitted).  In any event, the ALJ's reliance on

Plaintiff not treating with a specialist is incorrect, as she treated with neurologist Eliot M.

Wallack, M.D., from October 2013 through March 2016.  Tr. at 69-93.

Simply stated, the ALJ repeated the findings made by the Appeals Council,

updated those findings to include reports of increasing frequency and less medication

efficacy, and nothing further; the ALJ failed to consider the impairment at the remaining

steps of the sequential evaluation, including the limiting effects associated with the

migraines in assessing Plaintiff's RFC.  This omission violates the instructions of the

Appeals Council.  It also violates the regulations, which require ALJs to consider the

impact of both severe and non-severe impairments when assessing a claimant's RFC.

See 20 C.F.R. § 416.923 ("[W]e will consider the combined effect of all of your

impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.")

Plaintiff also argues that the ALJ failed to explain an inconsistency in his RFC determination.  Doc. 8 at 8-12.   RFC is defined as "the most [an individual] can still do despite [her] limitations."  20 C.F.R. § 416.945(a)(1).  Here, the ALJ concluded that Plaintiff could perform a range of light work limited to simple routine tasks and simple routine decisions in a low stress work environment, with only <u>occasional</u> interaction with co-workers, supervisors, and the general public, but that she would be able to have <u>frequent</u> interaction during an initial 30-day training period.  <u>Id.</u> at 19 (emphasis added). The ALJ does not explain how or why Plaintiff could only occasionally interact with colleagues and supervisors ordinarily, but frequently do so during a 30-day training period at the start of a job, when she would be unfamiliar with the people, settings, duties, and expectations.  The apparent discrepancy is further complicated by a distinction the ALJ made between interaction and contact -- terms the VE used interchangeably, but then conceded were distinct from one another, without explanation, <u>id.</u> at 60-61 -- and by the VE's testimony that a person limited to only occasional interaction with supervisors and co-workers would not be able to do the 30-day training period if it involved more than occasional interaction.  <u>Id.</u> at 61-62.  Remand is appropriate in light of this unexplained discrepancy.

Lastly, Plaintiff argues the ALJ failed to account for Plaintiff's moderate limitation in her ability to concentrate, persist or maintain pace.  Doc. 8 at 2-16.  As previously noted, the ALJ found that Plaintiff had severe mental impairments including

PTSD and depressive disorder, and that she was moderately limited in her ability to understand, remember, and apply information; interact with others; concentrate, persist, or remain pace; and adapt or manage oneself. Tr. 15, 17-18. Plaintiff argues that the ALJ accounted for all of Plaintiff's moderate limitations except for her moderate limitation in the ability to concentrate, persist, or maintain pace. Doc. 8 at 14-15. Remand for the reasons discussed above may impact a subsequent RFC determination, and therefore I do not find it necessary to further discuss this argument. However, on remand it is incumbent upon the ALJ to fashion an RFC assessment which accounts for all assessed limitations caused by Plaintiff's severe and non-severe impairments.[4]

### III.  <u>CONCLUSION</u>

For the foregoing reasons, I will grant the Defendant's motion for remand. An appropriate Order and Judgment Order follow.

---

[4]Plaintiff also challenges the propriety of the appointment of the Commissioner. Doc. 8 at 16-19 (citing Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020)). Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VINCINTIA COOK,                    :        CIVIL ACTION
                                   :
            v.                     :
                                   :
KILOLO KIJAKAZI, Acting            :
Commissioner of Social Security    :        NO.  21-4532

## **O R D E R**

AND NOW, this 27th day of May 2022, upon consideration of Plaintiff's brief (Doc. 8), Defendant's Uncontested Motion to Remand (Doc. 9), and the administrative record (Doc. 7), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED for further proceedings.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____

ELIZABETH T. HEY, U.S.M.J.